# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1984 | **DATE** | 1/10/2003 |
| **CASE TITLE** | Securities and Exchange Commission vs. Heartland Group, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Motion of movants USA Valley Landfill, Inc., Chambers Development Company, Inc., and USA South Hills Landfill, Inc. for reconsideration of motion for leave to file a motion for clarification of order appointing a receiver [77-1] is denied. Court ruling date of 1/16/03 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 6 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 13 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 97 |
| | Copy to judge/magistrate judge. | | 1/10/2003 | |
| MD | courtroom deputy's initials | 03 JAN 10 PM 4:05 | date mailed notice MD mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 01 C 1984 |
| HEARTLAND GROUP, INC., | ) ) ) | Judge Joan H. Lefkow |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, the Securities and Exchange Commission ("SEC"), filed this action against defendant, Heartland Group, Inc. ("Heartland"), seeking appointment of a Receiver for the benefit of investors to marshal, conserve, protect, hold, sell or otherwise dispose of, all assets of Heartland's High-Yield Municipal Bond Fund, Short Duration High-Yield Municipal Fund and Taxable Municipal Fund (collectively "the Funds") and all assets in the Funds' custody, possession or control or in which the Funds have a legal or equitable interest (collectively "receivership property"). The court appointed Phillip L. Stern ("Receiver") as receiver over the receivership property on March 21, 2001. Before the court is the motion of movants USA Valley Landfill, Inc., Chambers Development Company, Inc., and USA South Hills Landfill, Inc. (collectively the "Movants") in support of their motion for reconsideration of motion for leave to file a motion for clarification of order appointing a receiver. For the reason set forth below, the motion is denied.

## BACKGROUND

The Movants, who are landfills located in Pennsylvania, are wholly owned subsidiaries of

Waste Management, Inc. ("WMI"). The Movants' landfills produce methane gas that can be harnessed, resold, and put to commercial use. They are required, under controlling law, to dispose of this methane gas, either by putting it to commercial use or by burning it.

To dispose of the methane gas, the Movants enter into gas sale agreements in which they sell to other entities the right to harness and resell landfill gas. Each of the Movants entered into such a gas sale agreement with Allegheny Energy Resources, Inc. ("AER"), whereby AER bought the right to build gas reclamation plants at the Movants' landfills. AER assigned all of its rights, title and interest in the Valley Landfill and South Hills Landfill gas sale agreements to Valley Energy Partners, LP ("VEP"), and VEP in turn assigned all of its rights, title and interest in those agreements to Lanchester Energy Partners, LP ("Lanchester"). AER is the sole general partner of both VEP and Lanchester, and these entities are referred to collectively as the "AER Partnerships."

The AER Partnerships commenced construction on landfill gas processing plants on the Movants' landfills but never produced commercial quality gas. The AER Partnerships ceased construction on the USA South Hills Landfill plant after completing approximately 75 percent of the project. The AER Partnerships completed construction of the USA Valley Landfill plant and commenced operations in May 2001, but they unilaterally ceased operating that plant in March 2002. The AER Partnerships never completed construction of the plant located at the Chambers Development Company landfill. The AER Partnerships routinely made late and/or partial payment to the Movants, and the Movants repeatedly informed the AER Partnerships that they were in default of their obligations under the gas sale agreements. On May 1, 2002, each of the Movants gave notice of their intent to terminate the gas sale agreements between the Movants

and AER, effective June 1, 2002.

The construction of the gas processing plants was funded in part by proceeds from municipal bonds that were purchased by Heartland. After the Movants gave notice of their intent to terminate the gas sale agreements, the Receiver informed the Movants of his belief that this court's March 21, 2001 Receivership Order precludes termination of the gas sale agreements inasmuch as such termination would adversely affect Receivership Property, as defined by the Receivership Order.

On September 25, 2002, the Movants filed a motion for leave to file a motion for clarification that this court's receivership order should not be construed so broadly as to prohibit termination of the landfill gas sale agreements with AER. On October 7, 2002, this court denied the motion for want of prosecution, as the Movant's attorney failed to appear for argument on the day the motion was scheduled for presentation. On October 22, 2002, the Movants filed a motion to reconsider its motion for leave to file a motion for clarification, which the court now addresses.

## DISCUSSION

The Movants seek leave to file a motion for "clarification" (perhaps more appropriately termed a "declaration") that the Receivership Order does not preclude termination of the gas sale agreements between the Movants and the AER Partnerships. In their supporting brief, the Movants argue that Section 21(g) of the Securities Exchange Act of 1934, the center of much dispute between the parties, does not preclude any such clarification order and that the Movants have certain rights that are subject to this litigation and are entitled to some form of due process. Also in their brief, the Movants specifically note that they neither are "seeking to intervene with

3

private claims, nor are they initiating an action that will involve additional discovery, complicate the SEC's case or harm its efforts to enforce the securities law." (Mot. to Rec. at 3.)

In opposition, the SEC refers to the aforementioned Section 21(g), which provides:

> Notwithstanding the provisions of section 1407(a) of title 28, United States Code, or any provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

15 U.S.C. § 78u(g). While this section may not explicitly refer to intervention, cross-claims, counter-claims or third-party complaints by name, many courts have concluded such procedural devices to be barred because § 21(g) acts as an "impenetrable wall." *SEC v. Wozniak*, No. 92 C 4691, 1993 WL 34702, at *1 (N.D. Ill. Feb. 8, 1993) (Shadur, J.) (disallowing intervention under § 21(g)); *SEC v. Homa*, No. 99 C 6895, 2000 WL 1468726, at *1-*2 (N.D. Ill. Sept. 29, 2000) (Guzman, J.) (disallowing intervention under § 21(g)); *SEC v. Randy*, No. 94 C 5902, 1995 WL 616788, at *3 (N.D. Ill. Oct. 17, 1995) (Andersen, J.) (disallowing counter-claim under § 21(g)); *SEC v. Thrasher*, No. 92 Civ. 6987, 1995 WL 456402, at *4 (S.D.N.Y. Aug. 2, 1995) (disallowing cross-claim under §21(g)); *SEC v. Egan*, 821 F. Supp. 1274, 1275-76 (N.D. Ill. 1993) (Shadur, J.) (disallowing a third-party complaint under § 21(g)); *but see, SEC v. Credit Bancorp, LTD.*, 194 F.R.D. 457, 466 (S.D.N.Y. 2000) (allowing intervention despite § 21(g)); *SEC v. Prudential Sec. Inc.*, 171 F.R.D. 1, 4-5 (D. D.C. 1997) (same).

While each of the parties centers its arguments on whether § 21(g) applies to the Movants' clarification, the court believes the threshold issue is whether the Movants would have standing to be properly before the court. The Movants are not originally parties to the proceeding

and have made it clear in their briefs that they do not wish to intervene in this action, the normal course in which a non-party becomes involved in a suit in which its rights are being adjudicated. The Movants do not point to, and the court is unaware of, any procedural mechanism whereby a non-party may present a motion to a court for what is, essentially, a declaratory judgment without that non-party intervening. *E.g., Epperly* v. *The Lehmann Co.*, 161 F.R.D. 72, 77 (S.D. Ind. 1994) (directing non-party that if he wished to participate in the proceedings, he had to follow the proper procedure, including moving to intervene pursuant to Fed. R. Civ. P. 24). Thus, the court concludes that the Movants are without standing, as the court cannot grant leave to file a motion to a non-party that does not wish to intervene and would not be a party to the action.

As to the Movants' argument that due process rights are implicated, these concerns may be addressed in a separate lawsuit against the Receiver under 28 U.S.C. § 959(a), which provides that a receiver "may be sued, without leave of the court appointing [him], with respect to any of [his] acts or transactions in carrying on business connected with such property." While the Movants claim that the most efficient way to resolve their claims is for this court to grant relief, no due process concerns are at issue because of the availability of the Receiver to be sued.

## CONCLUSION

For the reasons stated above, the Movants' motion for reconsideration of motion for leave to file a motion for clarification of order appointing a receiver is denied [#77].

ENTER: *Joan N. Lefkow*

JOAN HUMPHREY LEFKOW
United States District Judge

Dated: January 10, 2003

5