Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1984 | **DATE** | 3/11/2003 |
| **CASE TITLE** | Securities and Exchange Commission vs. Heartland Group, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Motion of U.S. Trust to intervene as a matter of right [115-1] is granted. U.S. Trust is allowed to intervene for the limited purpose of contesting the Receiver's motion to compel trustee to release funds held in the U.S. Trust Reserve.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 7 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 12 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 122 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 3/11/2003 date mailed notice | |
| MD | courtroom deputy's initials | 03 MAR 11 PM 4:47 Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>HEARTLAND GROUP, INC.,<br><br>Defendant. | No. 01 C 1984<br>Judge Joan H. Lefkow |

## MEMORANDUM OPINION AND ORDER

Non-party U.S. Trust Company ("U.S. Trust") moves under Rule 24, Fed. R. Civ. P., to intervene in this receivership action filed by the Securities and Exchange Commission ("SEC") against the Heartland Group, Inc. ("Heartland"). For the reasons stated below, the court allows U.S. Trust to intervene as of right for the limited purpose of contesting the Receiver's Motion against non-party Bank of New York ("BNY").

### BACKGROUND

The SEC filed this action on March 21, 2001 seeking appointment of a receiver for the benefit of investors to marshal, conserve, protect, hold, sell or otherwise dispose of, all assets of Heartland's High-Yield Municipal Bond Fund, Short Duration High-Yield Municipal Fund and Taxable Municipal Fund (collectively the "Funds") and all assets in the Funds' custody, possession or control or in which the Funds have a legal or equitable interest (collectively "receivership property"). The court appointed Phillip L. Stern ("Receiver") as receiver over the receivership property.

On October 29, 2002, the Receiver filed its "Motion to Compel Trustee to Release Funds

Held in the U.S. Trust Reserve." ("Receiver's Motion"). In this motion, the Receiver requested that this court compel BNY, as successor trustee under the Master Trust Agreement dated August 1, 1998 between Desert Hot Springs Public Financing Authority, Heritage Rancho Healthcare, Inc. and U.S. Trust, to release all funds it is maintaining or intends to maintain in a reserve created to pay the expenses, including attorney's fees and costs, of U.S. Trust, the former master trustee under the Desert Hot Springs Indenture.

On December 9, 2002, U.S. Trust filed its "Motion for Leave to Respond to Receiver's Motion to Compel Trustee to Release Funds Held in the 'U.S. Trust Reserve.'" This court denied U.S. Trust's motion,[1] but granted U.S. Trust leave to file this motion for intervention under Federal Rule of Civil Procedure 24. (January 22, 2003 Memorandum Decision, Docket # 103.)

## DISCUSSION

Th threshold issue for the court to determine is whether § 21(g) of the Securities and Exchange Act of 1934, which has been described as an "impenetrable wall," disallows intervention in this case. *See, e.g., SEC* v. *Wozniak*, No. 92 C 4691, 1993 WL 34702, at *1 (N.D. Ill. Feb. 8, 1993); *SEC* v. *Homa*, No. 99 C 6895, 2000 WL 1468726, at *1-*2 (N.D. Ill. Feb. 8, 1993); *SEC* v. *Heartland Group, Inc.*, No. 01 C 1984, 2003 WL 103015, at *2 (N.D. Ill. Jan 10, 2003) (listing cases barring intervention, cross-claims, counterclaims, and third-party complaints under 21(g)). Section 21(g) provides,

---

[1] U.S. Trust initially argued before this court that it should be allowed to petition the court without formally intervening because receivership actions are different from other forms of litigation and are more akin to bankruptcy court proceedings. *See, e.g., SEC* v. *Forex Mgmt. LLC*, 242 F.3d 325, 328-29 (5th Cir. 2001); *SEC* v. *Basic Energy & Affiliated Res., Inc.*, 273 F.3d 657, 665 (6th Cir. 2001). This court rejected U.S. Trust's argument based on the Seventh Circuit's opinion in *SEC* v. *Wozniak*, 33 F.3d 13 (7th Cir. 1994). The court read *Wozniak* as requiring parties such as U.S. Trust to intervene rather than merely petition the court to be heard. *Id.* at 14-15.

2

> Notwithstanding the provisions of section 1407(a) of title 28, United States Code, or any provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

15 U.S.C. § 78u(g).

The SEC maintains that § 21(g)'s plain language bars intervention, and cites two cases of this district court for support. *See Homa*, 2000 WL 1468726, at *1-*2; *Wozniak*, 1993 WL 34702, at *1. U.S. Trust disagrees and cites to other cases where intervention has been allowed under § 21(g). *E.g.*, *SEC v. Flight Trans. Corp.*, 699 F.2d 943, 950 (8th Cir. 1983); *SEC v. Credit Bancorp, Ltd.*, 194 F.R.D. 457, 465-66 (S.D.N.Y. 2000); *SEC v. Prudential Sec. Inc.*, 171 F.R.D. 1, 3-5 (D. D.C. 1997). This issue twice before has been brought to this court's attention, but never decided. *See* January 22, 2003 Memorandum Decision, Docket # 103; *Heartland Group, Inc.*, 2003 WL 103015.

The cases denying intervention under § 21(g), specifically *Homa* and *Wozniak*, focused much of their attention on the fact that other procedural devices such as cross-claims, counterclaims, and third-party complaints, even though not specifically mentioned, have consistently been barred under § 21(g). *Homa*, 2000 WL 1468726, at *1. Moreover, these courts have given effect to the Supreme Court's statement in passing concerning § 21(g) in *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979). In *Parklane*, the Court noted that the application of collateral estoppel in that case would not be rewarding a plaintiff who could have joined in a previous action "since the respondent probably could not have joined in the injunctive action brought by the SEC even had he so desired." *Id.* at 331-32. Citing § 21(g) at 15 U.S.C. § 78u(g),

the Court emphasized that "consolidation of a private action with one brought by the SEC without its consent is prohibited by statute." *Id.* at 32 n.17.

Courts that have allowed intervention under § 21(g) have taken a different view. In *Flight Trans. Corp.*, the court concluded that intervention is not barred under § 21(g) because

> the purpose of the subsection is simply to exempt the Commission from the compulsory consolidation and coordination provisions applicable to multidistrict litigation. It does not say that no one may intervene in an action brought by the SEC without its consent. It does not mention Fed. R. Civ. 24 nor does Rule 24 contain any clause giving special privileges to the SEC.

669 F.2d at 950.

In *Prudential Sec.*, the court relied on *Flight Trans. Corp.* and on the legislative history of § 21(g), which the court believed established that § 21(g) was passed because Congress was "concerned that coordination and consolidation of private actions, particularly multidistrict litigation, would hamper enforcement of the federal securities laws because consolidation or coordination of separate, albeit related, issues might 'increase the need for extensive pretrial discovery.'" *Prudential Sec.*, 171 F.R.D. at 4, citing S. Rep. No. 94-75, at 76 (1975), reprinted in 1975 U.S.C.C.A.N. 179, 254. The court also found that Congress was concerned that coordination or consolidation would "make an 'already complicated securities [case] more confused and complex." *Id.*, citing S. Rep. No. 75, at 76, quoting *SEC v. Everest Mgmt. Corp.*, 475 F.2d 1236, 1240 (2d Cir. 1972). The court, however, did base much of its holding on the fact that judgment had already been entered in the case and no persuasive reason existed to bar intervention under § 21(g) in post-judgment proceedings. *Id.* at 5.

In *Credit Bancorp*, the court relied on the fact that § 21(g) on its face does not specifically prohibit intervention in SEC enforcement actions. 194 F.R.D. at 465-66. The court also noted

4

that "the vast majority of cases addressing intervention in the context of SEC enforcement actions neglect to discuss Section 21(g) at all." *Id.* at 466. Finally, the court agreed with the reasoning of cases, such as *Flight Trans. Corp,* in which intervention was allowed despite the existence of § 21(g). *Id.*

After reviewing the aforementioned cases, and paying particular attention to the facts as set forth, the court concludes for three reasons that intervention is appropriate in this case under § 21(g). First, the court believes the factual scenario here is sufficiently different from *Homa* and *Wozniak* to warrant intervention. In *Homa*, a creditor of an entity partly owned by the defendant in a SEC enforcement action attempted to intervene in the suit. 2000 WL 1468726, at *2. The creditor attempted to recover from defendant payments owed on a contract. *Id.* In *Wozniak*, victims of a fraudulent scheme for which the SEC filed the enforcement complaint sought to intervene in an attempt to recoup their losses. In both situations the would-be intervenors attempted to recover from the very defendants the SEC was suing. As such, it was clear in both cases that the would-be intervenors were "coordinating" or "consolidating" their separate action against the defendants with the SEC's enforcement action. Here, U.S. Trust does not seek to intervene to coordinate or consolidate their "action" with the SEC's action against Heartland. Instead, it attempts to challenge the actions of the Receiver. Thus, U.S. Trust seeks not to bring a claim against the defendant, as in *Homa* and *Wozniak*, but instead wishes only to intervene to challenge the adjudications the Receiver is taking against it.

The SEC argues that regardless of who U.S. Trust's claim for relief is against, it is still a substantive claim and it still is challenging the Receiver's disposition of receivership assets. The court, however, is not convinced another meaningful and appropriate forum exists for U.S. Trust

5

to assert such a claim, i.e., where or how could this claim be asserted if not here? The claims in *Homa* and *Wozniak* could easily have been brought in separate law suits against the defendants as those cases did not involve a receiver attempting to take property away from the would-be intervenors, which is alleged in this case. The SEC argues that U.S. Trust's claim may be brought in a separate law suit pursuant to 28 U.S.C. § 959(a), which allows for suit against a receiver without leave of the court that appointed him for the receiver's actions in "carrying on business" connected with property involved in the receivership action.[2] In a previous motion filed by another party challenging the Receiver's actions in this case, both sides asserted that suit could be brought separately against the Receiver under § 959(a), albeit the moving party viewed this as a disfavorable option. *See Heartland Group, Inc.*, 2003 WL 103015, at *3.

The court is not convinced that U.S. Trust's suit would fall under Section 959(a)'s ambit. Section 959(a) serves as a limited exception to the general rule that suits against a receiver may not proceed without leave of the court appointing them. *E.g., In re DeLorean Motor Co.*, 991 F.2d 1236, 1240-41 (6th Cir. 1993). Notably, § 959(a) applies only to actions taken by the receiver for "carrying on business." *Id.* "Merely collecting, taking steps to preserve, and/or holding assets, as well as other aspects of administering and liquidating the estate, do not constitute 'carrying on business' as that term has been judicially interpreted." *Id.*, quoting *In re*

---

[2]Section 959(a) provides,

Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

28 U.S.C. § 959(a).

*Campbell*, 13 B.R. 974, 976 (Bankr. D. Idaho 1981). Thus, as is apparent, U.S. Trust's claim that its property is not receivership property would not appear to fall under the "carrying on business" language under § 959(a) because it relates to taking steps to preserve and/or hold assets.[3] Moreover, even if suit could be brought under § 959(a), the controversy in this case would likely be moot under a separate suit, as the arguments U.S. Trust seeks to raise here will have long since been decided by the time a separate action is up to speed.

Finally, the court is also persuaded that intervention is allowed under § 21(g) because of the treatment of receivership actions generally in circuit courts. In *SEC v. Wozniak*, 33 F.3d 13 (7th Cir. 1994), the appeal from the case relied on by the SEC, the Seventh Circuit ruled that the appellants could not appeal because they did not have standing. *Id.* at 14-15. The appellants in that case, as noted by the court, either failed to intervene in the district court or did not timely appeal from the decision of the district court denying intervention. *Id.* at 15. While the court did not address the issue of § 21(g), the plain implication was that the proper forum for the appellants to address their claims was by intervening in the district court.[4] *See also, SEC v. Black*, 163 F.3d 188, 195-96 (3d Cir. 1998) (stating that situation was different from *Wozniak* because parties had actually intervened in the receivership action).

---

[3] SEC's argument that parties should simply sue the Receiver is somewhat puzzling because, in the same brief, SEC complains that each time the Receiver appears in court or performs tasks in his capacity as Receiver, receiverships assets available to investors is diminished. Certainly this is a problem not resolved, and is more likely worsened, by suits against the Receiver outside of this court. *See In the Matter of Linton*, 136 F.3d 544, 545 (7th Cir. 1998) ("If [a receiver or bankruptcy trustee] is burdened with having to defend against suits by litigants disappointed by his actions on the court's behalf, his work for the court will be impeded."). At least if a party is allowed to intervene in this case the court is able to keep track of and/or control the action. This would likely not be possible if a separate suit were brought against the Receiver without leave of this court under § 959(a).

[4] The *Homa* case, the other major case relied on by the SEC, was also appealed. In an unpublished opinion the Seventh Circuit affirmed the judgment of the district court solely on grounds that intervention was not appropriate based on Rule 24 and did not reach the issue under § 21(g). *SEC v. Homa*, 2001 WL 939080 (7th Cir. Aug. 17, 2001).

7

Furthermore, other circuits, which disagree with the Seventh Circuit's ruling that intervention is required in receivership actions, allow parties to appeal decisions in receivership actions merely if their rights would be affected, drawing an analogy from the bankruptcy context.[5] *E.g., SEC v. Forex Asset Mgmt. L.L.C.*, 242 F.3d 325, 328-29 (5th Cir. 2001) (allowing non-party that did not seek to intervene to appeal); *SEC v. Basic Energy & Affiliated Res., Inc.*, 273 F.3d 657, 665 (6th Cir. 2001) ("We have held previously that a non-party litigant has standing to appeal from an order entered in a federal receivership action if that litigant satisfies the standard for standing to appeal an order of a bankruptcy court"); *Commodity Futures Trading Comm'n v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1113-14 (9th Cir. 1999) (appellant had standing to challenge district court order in a receivership action without intervening); *Fidelity Bank, Nat'l Ass'n v. M.M. Group, Inc.*, 77 F.3d 880, 882 (6th Cir. 1996) (rejecting "suggestion that principles of bankruptcy standing are foreign to the receivership context.").

Once again, these cases do not address the applicability of § 21(g). But all these circuit court decisions present a much different picture of receivership actions than the SEC paints here. Instead of these actions barring any involvement from parties no matter the level of their interest, as the SEC would read § 21(g), circuit courts have generally allowed parties with interests affected by such actions to find a way to be heard in the SEC's action itself. These decisions have allowed such affected parties to participate under even a lower threshold than the court applies here, as those parties were not even required to formally intervene.

---

[5]These cases also weaken the SEC's argument that allowing intervention would open the floodgates for huge numbers of parties protesting the actions of the Receiver. The Seventh Circuit at least requires any such party to meet the threshold intervention analysis, while other circuits do not even appear to make intervention a requirement. If formal intervention is required, there is little fear that any "floodgates" will open or cause any such material delay.

8

For these reasons, the court does not believe that § 21(g) bars intervention under the facts and circumstances of this case. This being only the threshold issue, the court must now examine whether U.S. Trust may intervene under a traditional Rule 24 analysis. To intervene as of right under Rule 24(a), U.S. Trust is required to "(1) make a timely application, (2) have an interest relating to the subject matter of the action, (3) be at risk that that interest will be impaired by the action's disposition and (4) demonstrate a lack of adequate representation by the existing parties." *Vollmer v. Publishers Clearing House*, 248 F.3d 698, 705 (7th Cir. 2001); *Nissei Sangyo America Ltd. v. United States*, 31 F.3d 435, 438 (7th Cir. 1994). Each of these elements must be proved; the failure to prove even one requires denial of an intervention motion. *Vollmer*, 248 F.3d at 704; *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985).

Starting with factor one, the court concludes that U.S. Trust's motion is timely. As expressed by the Seventh Circuit, the timeliness test is essentially a reasonableness test: "potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly." *Nissei Sangyo America Ltd.*, 31 F.3d at 438. The most important consideration for this factor is "whether [any] delay in moving for intervention will prejudice the existing parties to the case." *Id.*, quoting 7C Charles Alan Wright, et al., *Federal Practice and Procedure: Civil 2d* § 1916 (1986). The Receiver filed its motion against BNY on October 29, 2002, and U.S. Trust first attempted to be heard in this action in a timely manner shortly thereafter on December 9, 2002. U.S. Trust formally moved to intervene on February 11, 2003 after this court clarified that such a motion was required to challenge receivership actions. Moreover, no such delay caused any prejudice to the existing parties to the case. As such, factor one is satisfied.

9

U.S. Trust also satisfies factor two of the intervention analysis because it has an interest relating to the subject matter of the action. If the Receiver's Motion were granted, U.S. Trust would lose indemnification funds that it would otherwise have an interest in.

As to the third factor, whether U.S. Trust's interests will be at risk of being impaired in this action, the SEC argues that U.S. Trust may pursue its claims in a separate action, and, therefore, its interest will not be impaired if excluded from this action. *See Southmark Corp. v. Cagan*, 950 F.2d 416, 419 (7th Cir. 1991) ("petitioner has subsequently filed her own lawsuit, along with the receiver, so that instead of being prejudiced by denial of intervention her position will be aired in that lawsuit . . . ."). As stated above, however, the court is not convinced that U.S. Trust can file its own such law suit, and even if it could, its interest in this suit would be adjudicated to such a degree as to cause the separate suit to be meaningless. The SEC also attacks this third factor on grounds that any interest U.S. Trust has in the bond indenture is only potential and not fixed and, therefore, such claims do not constitute "interests" that could be "impaired" under an intervention analysis. *See Southmark Corp.*, 950 F.2d at 418-19. The court disagrees, as U.S. Trust has established enough of a direct, contractual claim to the U.S. Trust Reserve for it to assert rights in protection thereof.

Finally, as to the fourth factor, neither party presents argument on the issue of whether U.S. Trust's interest is adequately represented by one of the existing parties, so the court will assume that it is not. Because the court concludes that U.S. Trust meets all four factors for intervention as of right in this action, the motion to intervene is granted. For clarity, however, and in response to the SEC's argument that U.S. Trust would be allowed to participate as it pleases in the rest of the action and delay its resolution if intervention is allowed, the court notes

10

that U.S. Trust is allowed to intervene as of right for the limited purpose of contesting the Receiver's Motion.

## CONCLUSION

For the reasons stated above, the court grants U.S. Trust's motion to intervene as of right [#115]. U.S. Trust is allowed to intervene for the limited purpose of contesting the Receiver's "Motion to Compel Trustee to Release Funds Held in the U.S. Trust Reserve."

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: March 11, 2003